

FILED

AUG 2 2 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| STEVEN WAYNE KEEFE,<br><br>Petitioner,<br>vs.<br><br>LEROY KIRKEGARD,<br><br>Respondent. | Cause No. CV 17-15-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This matter comes before the Court on Steven Wayne Keefe's petition seeking a writ of habeas corpus under 28 U.S. C. §2254. Keefe is a state prisoner represented by counsel.

I.     28 U.S. C. §2254 Petition

Keefe's petition challenges the constitutionality of the life sentence without parole imposed upon him in 1986 when he was a juvenile offender. Keefe alleges he was not afforded individualized sentencing, taking into account the distinct attributes of his youth, in contravention of *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). *See generally*, (Doc. 1.) Part of the relief Keefe requested from this Court is that an order issue requiring the State of Montana to either resentence or release him. *Id*. at 37.

On March 9, 2017, Keefe filed an Unopposed Motion to Stay (Doc. 4), requesting this Court to hold his habeas petition in abeyance while he attempted to

exhaust his state court remedies. At that time, Keefe had a petition for postconviction relief pending before the Cascade County District Court. Keefe's request for a stay was subsequently granted. (Doc. 6.)

Since the imposition of the stay, the state district court has granted Keefe's petition for post conviction relief and vacated his underlying sentence. A new sentencing hearing has been scheduled for October 10, 2018. (Doc. 13 at 2.) Thus, Keefe has been granted the relief requested pursuant to the 1986 judgment of conviction; he will resentenced. Accordingly, the pending petition should be dismissed as moot.

Because a new judgment will issue following Keefe's resentencing in October of this year, he will not be precluded, at some future date, from potentially filing a federal habeas petition challenging the new judgment. *See, Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010); *Hill v. State of Alaska*, 297 F. 3d 895, 897-98 (9th Cir. 2002).

## II.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because, by virtue of the grant of state postconviction relief and the upcoming October sentencing hearing, there is no doubt Keefe has received the relief previously requested. Accordingly, his pending habeas petition is moot. There is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

### ORDER

The stay previously imposed in this matter is lifted.

### RECOMMENDATIONS

1. Mr. Keefe's Petition (Doc. 1) should be DISMISSED as moot. This dismissal should be without prejudice and will not prevent Keefe from filing a petition under 28 U.S.C. §2254 at a future date challenging a new and/or amended judgment of conviction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Keefe may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 22nd day of August, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge